# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELLOWOOD EUGENE BENNETT,**

      **Petitioner,**

v.                                       **Civil Action No. 2:15cv45**
                                          **Criminal Action No. 2:90cr78-1**
                                          **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On June 19, 2015, the *pro se* petitioner filed a Motion to Vacate under the All Writs Act, 28 U.S.C. § 1651(a), that was construed as a 28 U.S.C. §2255. ECF No. 349. Because Petitioner had not filed his motion on a court-approved form, the Clerk of Court issued a Notice of Deficient Pleading, directing him to do so within twenty-one days. On July 15, 2015, Petitioner filed his court-approved form Motion to Vacate.

Petitioner filed a Motion for Summary Judgment on March 15, 2016. ECF No. 359. This case, which is pending before me for review, and report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Factual History

### A. Petitioner's Conviction and Sentence[1]

---

[1] Despite the December 8, 1989 indictment, the docket in Petitioner's underlying criminal case (2:90cr78-1) does not begin until February 4, 1997. The first hyperlinked filing is dated January 29, 1999; subsequent documents hyperlinked for viewing on CM/ECF do not resume until March 6, 2002. Accordingly, the facts and description of Petitioner's underlying crimes of conviction and prosecution were taken from the Fourth Circuit's opinion on his direct appeal. United States v. Bennett, 984 F.2d 597, 600-605, (4th Cir. W. Va. 1993). Information on his sentencing was obtained from the January 29, 1999 Order denying his first §2255 motion. See Case No. 2:90cr78-1, ECF No. 215, FN 1 at 1.

On December 8, 1989, a federal grand jury returned a seven-count indictment charging Petitioner with various offenses arising out of a fire that resulted in 8-year old Sally Rice's death. A superseding indictment was returned on April 16, 1990, naming named Petitioner, his brother Ray, and others. The superseding indictment alleged that Petitioner, Ray, Cyrus Jonathan George, Harmon John George, and Catherine Rice Bennett associated together as an enterprise to commit acts of arson and to use the mails for the purpose of defrauding insurance companies. The indictment further alleged that the defendants and others committed acts of violence and acts of obstruction of justice in order to further the enterprise.

Count One charged Petitioner, his brother Ray Bennett, Cyrus Jonathan George, and Harmon John George with participation in an enterprise which engaged in a "pattern of racketeering" activity in violation of RICO, 18 U.S.C. § 1962(c).

Count Two charged Petitioner and Ray Bennett, Cyrus Jonathan George, Harmon John George, and Catherine Rice Bennett with conspiring to participate in an enterprise which is engaged in a "pattern of racketeering" activity in violation of RICO, 18 U.S.C.§ 1962(d). Count Three charged Petitioner with aiding and abetting the malicious destruction of property affecting interstate commerce resulting in the death of another person in violation of 18 U.S.C. §§ 2 and 844(i). Count Four charged Petitioner with using fire to commit mail fraud in violation of 18 U.S.C. § 844(h). On the basis of a submission of insurance claim by Petitioner, checks sent by Farm Family Mutual Insurance Company to Petitioner, and various memos and reports between GAB Business Services and Municipal Mutual Insurance Company, Counts Five through Eleven charged Petitioner with aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341. Counts Twelve through Fourteen charged Ray Bennett and John William Riffle with aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341. Counts Fifteen through Eighteen

charged Petitioner and Cyrus Jonathan George with various crimes of violence in aid of racketeering. The conspiracy to murder and the maiming of Dallas Rice formed the basis of counts Fifteen and Sixteen, while the alleged conspiracy and attempted murder of Sheriff Fred Gaudet formed the basis of Counts Seventeen and Eighteen. Count Nineteen charged Ray Bennett with perjury before a federal grand jury in violation of 18 U.S.C. § 1623. Count Twenty charged Petitioner's daughter, Brenda Renee Depoy, with perjury before a federal grand jury in violation of 18 U.S.C. § 1623. Count Twenty-One charged Petitioner's other daughter, Christine Bennett Blagg, with perjury before a federal grand jury in violation of 18 U.S.C. § 1623. Count Twenty-Two charged Depoy with tampering with a witness in violation of 18 U.S.C. § 1512(b)(1). Count Twenty-Three charged Harmon John George with obstructing a criminal investigation in violation of 18 U.S.C. § 1510. Count Twenty-Four charged Petitioner and Ray with obstruction of justice in violation of 18 U.S.C. § 1510.

On March 25, 1991, the case against Petitioner and his brother Ray Bennett went to trial. At the close of all evidence, the district court dismissed Count Eight.[2] The jury found Petitioner guilty of Count One, conducting a RICO enterprise; Count Two, RICO conspiracy; Count Three, arson resulting in death; Count Four, the use of fire to commit a felony; Counts Five through Seven and Nine through Eleven, six counts of mail fraud; Counts Fifteen and Sixteen, two counts of violent crime in aid of racketeering; and Count Twenty-Four, obstruction of justice.[3] In response to special interrogatories on Count One, the jury found that Petitioner participated in racketeering predicate acts one (arson of the Adrian property on January 1, 1980), two (arson of the Simmons' residence on May 26 and May 27, 1980, nine (conspiracy to commit and attempted

---

[2] The district court also dismissed Counts One, Twelve through Fourteen, and Twenty-Four as they pertained to Ray.

[3] Petitioner was acquitted of Counts Seventeen and Eighteen, the two counts of violent crime in aid of racketeering.

murder of Dallas Rice), and twelve (the obstruction of a criminal investigation by Petitioner on January 29, 1988). In response to special interrogatories on the RICO conspiracy count, the jury found that Petitioner agreed to commit or agreed that another alleged coconspirator would commit predicate acts two, three (Arnold Dale Phillips' fire on May 8, 1983), four, nine, and twelve.[4]

On January 28, 1992, Bennett was sentenced to an aggregate term of imprisonment of 682 months, comprised of 262 months imprisonment on Counts One, Two and Twenty-Four, to be executed as a guideline sentence imposed under the Sentencing Reform Act of 1984. On Count Four, he received a sentence of 5 years imprisonment, to be served consecutively to the sentence imposed on Counts One, Two and Twenty-Four. On Count Three, he received a sentence of 30 years imprisonment, to be served consecutively to the sentence imposed on Counts One, Two, Four, and Twenty-Four. On each of Counts Five, Six, Seven, Nine, Ten, Eleven, Fifteen and Sixteen, he was sentenced to 5 years, to be served concurrent with the sentence imposed on Counts One, Two, and Twenty-Four. The sentences imposed on Counts Three, Four, Five, Six, Seven, Nine, Ten, Eleven, Fifteen and Sixteen were to be executed pursuant to the laws of the United States in effect prior to the implementation of the sentencing guidelines on November 1, 1987. Upon release, he was sentenced to a three-year term of supervised release. He was also ordered to pay restitution in the amount of $204,026.34.

**B.  Appeal**

---

[4] The jury found Ray Bennett guilty of RICO conspiracy (Count Two) and perjury (Count Nineteen). In response to special interrogatories on the Count Two RICO conspiracy count, the jury found that Ray agreed to himself commit, or agreed that another alleged coconspirator would commit, predicate acts two (arson of the Simmons residence on May 27), five (Deever fire on July 2, 1984), and twelve (the obstruction of a criminal investigation by Ray on January 29, 1988).

On appeal, Petitioner raised a variety of attacks on his RICO convictions. The claims raised by Petitioner included several assignments of error found to be without merit, as well as his contentions that

    1) the RICO's "pattern of racketeering" requirement was unconstitutionally vague because it failed to apprise him and his brother that their alleged unlawful conduct violated the dictates of RICO;

    2) the evidence of Petitioner's conviction on Count Three of the superseding indictment, which charged him with aiding and abetting the malicious destruction of property affecting interstate commerce resulting in the death of any other person in violation of 18 U.S.C. §§ 2 and 844(i) was insufficient; and

    3) improper cross-examination by government counsel so prejudiced the trial as to require reversal.

On January 19, 1993, by published opinion, the Fourth Circuit Court of Appeals affirmed the judgment of the district court. United States v. Bennett, 984 F.2d 597 (4th Cir. 1993) (per curiam). Petitioner did not petition the United States Supreme Court for a writ of *certiorari*.

## C.   Federal Habeas Corpus

### First § 2255 Motion

On February 4, 1997, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255,[5] alleging that his conviction on Count Ill of the Indictment should be vacated, alleging that he received ineffective assistance of counsel because

    1) trial counsel failed to move the Court for judgment of acquittal on Count Three of the Indictment;

    2) trial counsel failed to raise a sufficiency of the evidence claim on Count Three of the Indictment;

---

[5] It would appear that the first motion to vacate was also untimely filed. However, the docket indicates that the following day, the Court entered an order directing the government to submit a memorandum of law addressing the applicability of the one-year period of limitation. ECF 178. Because the docket is so old it is not hyperlinked, the Government's response on the same is unavailable for viewing. However, by Order entered August 26, 1998, the Court ruled that Petitioner's § 2255 motion was not procedurally barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 and ordered the government to answer. ECF 210.

3) counsel failed to move the Court for a polygraph examination of the Government's witnesses prior to the trial;

4) failed to raise a double jeopardy claim in light of his previous state prosecution and acquittal; and

5) failed to present crucial exculpatory evidence on defendant's behalf (a polygraph test taken by one of the trial witnesses).

By Order entered January 29, 1999, Petitioner's motion to vacate was denied and dismissed. ECF No. 215.

On March 19, 2001, Petitioner filed a Motion to Supplement and for Reconsideration of the district court's Order denying his § 2255 motion. On March 26, 2006, Petitioner filed a Motion for Relief from Judgment Under Civil Rule 60. By Order entered August 8, 2001, Petitioner's Motion for Relief from Judgment Under Civil Rule 60 and Motion to Supplement and for Reconsideration were denied. Petitioner appealed. By unpublished opinion issued January 9, 2002, the appeal was dismissed and a certificate of appealability denied. United States v. Bennett, 2002 U.S. App. LEXIS 301 *1, 23 Fed. Appx. 171 (4th Cir. W. Va. 2002) (per curiam).

**Second and Instant § 2255 Motion**

In his instant motion, Petitioner asserts that

1) he has newly-discovered evidence, in the form of an 18-year ongoing investigation of the FBI and false testimony by Agent Robert Webb that should have been revealed to the jury, evidence that not available until September 11, 2014, because it was hidden by the U.S. Attorney. ECF No. 354 at 11.

Petitioner states that the one-year statute of limitations contained in 28 U.S.C. § 2255 does not bar his motion because the new evidence from the Department of Justice was not given to him until September 11, 2014 [sic]. Id. at 13.

For relief, petitioner seeks to have his judgment vacated and dismissed, and immediate release from incarceration. Id.

**§ 2244 Motions**

On February 28, 2000, in the Fourth Circuit Court of Appeals, Petitioner filed a § 2244 Motion for authorization to file a successive § 2255 application. It was denied by Order entered March 15, 2000. In re Bennett, No. 00-624 (4th Cir. 2000).

On August 21, 2000, Petitioner filed another § 2244 Motion for authorization to file a successive § 2255 application in the Fourth Circuit. It was denied by Order entered August 30, 2000. In re Bennett, No. 00-744 (4th Cir. 2000).

On March 17, 2003, Petitioner filed another § 2244 Motion for authorization to file a successive § 2255 application in the Fourth Circuit. It was denied by Order entered April 15, 2003. In re Bennett, No. 03-139 (4th Cir. 2003).

**Other Collateral Attacks**

**First § 2241 Petition**

On April 21, 2000, Bennett filed a § 2241 petition in the Northern District of Ohio, contending that he was actually innocent because he had received ineffective assistance of counsel. By Order entered June 22, 2000, the Northern District of Ohio denied the §2241 petition because Bennet improperly challenged the imposition of his sentence and failed to demonstrate that his remedy under 28 U.S.C. §2255 was inadequate or ineffective. Bennett v. Lamanna, Case No. 4:00cv1026 (N.D. Ohio 2000).

Bennett appealed the denial of his § 2241 petition to the Sixth Circuit Court of Appeals. In addition to his ineffective assistance of counsel claims, he also argued that his conviction was invalid under Jones v. United States, 529 U.S. 848 (2000) because §844(i) does not apply to

7

arson of a private residence. The Sixth Circuit determined that Bennett's Jones argument was not reviewable because it was raised for the first time on appeal, and that the argument was more proper for a motion to file a successive petition. Bennett v. Lamanna, 27 Fed. Appx. 294, 2001 WL 1299257 (6th Cir. 2001). The Sixth Circuit further found that Bennett's claim of ineffective assistance of counsel was not a ground for relief because he failed to show that his remedy under §2255 was inadequate or ineffective.

**Second § 2241 Petition**

On October 16, 2000, Petitioner filed a habeas corpus petition pursuant to 28 USC § 2241, challenging his conviction under the federal arson statute, 18 U.S.C. § 844(i), which makes it a federal crime to damage or destroy ". . . by means of fire or an explosive, any . . . property used in interstate or foreign commerce." 18 U.S.C. § 844(i). Bennett again contended that his conviction under this statute should be vacated based on Jones v. United States, 120 S.Ct. 1904 (2000), a recent United States Supreme Court decision that reversed a conviction, under the same statute, of a defendant who set fire to a private residence. By Order entered March 16, 2001, the petition was dismissed as a successive § 2255 motion and a certificate of appealability was denied. Bennett v. Lamanna, Case No. 4:00-cv-02621-DAP (N.D. Ohio 2001).

Petitioner appealed this Order and an Order denying him bail pending a decision on the petition to the Sixth Circuit Court of Appeals. By Order entered October 29, 2001, the decision of the Northern District of Ohio was affirmed and the appeal dismissed. Bennett v. Lamanna, Nos. 01-3264/3602 (6th Cir. 2001).

**Third § 2241 Petition**

On December 22, 2003, in this district, Petitioner filed another habeas corpus petition under 28 U.S.C. § 2241, seeking release from custody and contending that the crime for which

8

he had been convicted had been adjudged not to be a federal crime. See Case No. 2:03cv114. The petition was recommended for dismissal as an attempt to seek § 2255 relief, not § 2241 relief, in a January 27, 2005 Report and Recommendation ("R&R"). Petitioner filed an interlocutory appeal of the R&R to the Fourth Circuit Court of Appeals. On December 8, 2004, the appeal was dismissed. In re: Ellowood Eugene Bennett, No. 04-7818 (4th Cir. 2004). By Order entered January 27, 2005, the R&R was adopted and the 2241 dismissed. Petitioner appealed. By unpublished opinion issued August 3, 2005, the decision of this court was affirmed. Bennett v. Bledsoe, No. 05-6299 (4th Cir. 2005).

### III. Analysis

**Second and Successive §2255 Motions Prohibited**

Section §2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

9

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his instant successive §2255 motion in this Court.[6] Petitioner's claim of newly-discovered evidence must be certified as provided in §2255(1) by a panel of the appropriate court of appeals to contain the same. Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's claims, the undersigned recommends that petitioner's §2255 motion be denied without prejudice for lack of jurisdiction, subject to Petitioner's right to file a § 2244 motion in the Fourth Circuit Court of Appeals, to obtain authorization to file a successive § 2255 motion to raise his instant claims.

## IV. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion [ECF Nos. 349 and 354] and **DISMISSING the case without prejudice.**

Further, the undersigned recommends that Petitioner's pending Motion for Summary Judgment [ECF No. 359] be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the

---

[6] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of Appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 1, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE